IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RXDC, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-01743-E |
| | § | |
| PHARMASTRATEGIES, LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant PharmaStrategies, LLC's Motion to Dismiss Second Amended Complaint or, in the Alternative, to Dismiss Plaintiff's Count Two (Doc. 36). Having carefully considered the motion, the parties' briefing, and applicable law, the Court finds the motion should be granted in part and denied in part for the reasons that follow.

### BACKGROUND

Plaintiff RXDC, LP (RXDC) creates and distributes discount pharmacy cards (Doc. 23, p. 4). When a consumer presents a card to a pharmacy, the pharmacy creates an initial claim, which is processed by a third-party administrator known in the industry as a Pharmacy Benefit Manager (PBM) (*Id*.). The pharmacy maintains the initial claim information in its database and applies the discount each time the consumer fills the prescription, creating derivative claims (*Id*., p. 5). The PBM charges the pharmacy an administrative fee each time the discount card is used (i.e., for each claim generated) and, in turn, pays a percentage of the administrative fee to distributors like RXDC (*Id*., pp. 5-6).

Defendant PharmaStrategies, LLC (Pharma), a Colorado limited liability corporation with its only office and all of its employees in Colorado, provides PBM consulting and administrative services for distributors (*Id*., pp. 2, 6). In August 2010, Pharma entered into a written agreement to provide Bill Francis, in his individual capacity, consulting services and access to Pharma's network of PBMs (*Id*., p. 7, Doc. 38-1, Doc. 38-2). Under the Agreement, Pharma paid Francis a share of the administrative fees due to him for compensable claims PBMs processed under cards he distributed (Doc. 38-2). In January 2013, Francis assigned his rights under the Agreement to RXDC, which he owns and operates (Doc. 23, p. 7, Doc. 38-1). Pharma thereafter provided the same services that it had provided to Francis to RXDC (Doc. 38-1).

In June 2017, Pharma informed RXDC that RXDC was in breach of the agreement and stopped paying RXDC an administrative fee for claims processed under cards RXDC distributed (Doc. 38-1). In October 2017, RXDC sued Pharma in Colorado state court[1] (Doc. 23, pp. 7-8, Doc. 38-1). In March 2018, the parties participated in an unsuccessful mediation session in Denver, Colorado (Doc. 23, p. 8; Doc. 38-1). In February 2019, they attended a second session in Dallas, Texas, where they reached an agreement and executed a Memorandum of Settlement (MOS) (Doc. 23, pp. 8-10; Doc. 38-1). Among other terms, the MOS provided (1) for payment and transfer obligations on the part of Pharma, (2) that the agreement was entered pursuant to the Colorado Rules of Civil Procedure, and (3) that the parties agreed to maintain confidentiality with respect to all communications made or used in connection with the dispute resolution process as provided by sections 154.052 and 154.073 of the Texas Civil Practice and Remedies Code (Texas ADR Act) (Doc. 39-2).

---

[1] Cause number 2017-cv-30050, in the District Court for Gilpin County, Colorado.

The parties were unable to agree to a more formal agreement and, in May 2019, filed a stipulation in the Colorado proceedings (Doc. 38-3). Under the stipulation, the parties agreed the MOS would be entered as an order of the court and the court would retain jurisdiction to enforce/interpret the MOS (*Id.*). In June 2019, the court entered the stipulation as an order (Doc. 38-5).

In September 2019, RXDC filed a motion to interpret and enforce the MOS in the Colorado court (Doc. 54, p. 49). During a hearing on the motion, the parties stipulated that Colorado law governed the MOS (Doc. 38-6, p. 63). Afterwards, the court entered an order that, among other things, set out its interpretation of the MOS (Doc. 54, p. 92). The order also noted that RXDC had made "suggestions of fraudulent inducement." The court determined those "suggestions" raised a separate claim for relief, which was not before the court. The court considered the same to be true for any formal breach of contract claim (*Id.*).

RXDC appealed the court's ruling[2] and, while the appeal was pending, filed its complaint in this case (Doc.1, Doc. 38-8). In RXDC's live pleading, its Second Amended Complaint, it asserts claims for breach of the MOS and fraudulent inducement, alleging it entered into the MOS as a result of material misrepresentations and partial disclosures by Pharma during the Dallas mediation (Doc. 23, pp. 14-17). Pharma moves to dismiss the claims against it in this action for lack of personal jurisdiction and subject matter jurisdiction. Alternatively, it seeks dismissal of the fraudulent inducement claim for failure to state a claim on which relief can be granted.

---

[2] The Colorado Court of Appeals dismissed RXDC's appeal without prejudice due to the lack of a final appealable order (Doc. 38-11). RXDC filed a petition for writ of certiorari to the Colorado Supreme Court; the petition was denied on March 15, 2021. *See RXDC LP v. PharmaStrategies LLC*, No. 20SC838, 2021 WL 1030174 (Colo. Mar. 15, 2021).

**PERSONAL JURISDICTION**

**1. Legal Standards**

A nonresident defendant may move a district court for dismissal if the court lacks personal jurisdiction over the defendant. *See* FED. R. CIV. P. 12(b)(2). "The plaintiff bears the burden of establishing personal jurisdiction" over the nonresident defendant, "though he need only make a *prima facie* case at the Rule 12(b)(2) stage." *In re DePuy Orthopaedics, Inc.*, 888 F.3d 753, 778 (5th Cir. 2018) (internal quotation marks and citations omitted). The court must accept the plaintiff's uncontroverted, nonconclusory factual allegations as true and resolve all controverted allegations in the plaintiff's favor. *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). The court determines the jurisdictional issue on the record before it, which may include affidavits and other recognized methods of discovery. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

A federal court may assert jurisdiction over a nonresident defendant in a diversity suit if the state's long-arm statute applies and due process is satisfied under the Fourteenth Amendment to the United States Constitution. *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 249 (5th Cir. 2019). The Texas long-arm statute extends to the limits of federal due process, so the two-step inquiry "collapses into one federal due process analysis." *Id.* (citation omitted). "Federal due process is satisfied if two requirements are met: (1) the nonresident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 249–50 (internal quotation marks and citation omitted). The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of

4

another party or a third person." *Id.* at 250 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

"A defendant's 'minimum contacts' may give rise to either general or specific jurisdiction." *Id.* "General jurisdiction exists where a defendant's contacts with the forum state are substantial and continuous and systematic but unrelated to the instant cause of action." *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 374 (5th Cir. 2003) (internal quotation marks and citations omitted). "Where contacts are less pervasive, the court may still exercise 'specific' jurisdiction 'in a suit arising out of or related to the defendant's contacts with the forum.'" *Luv n' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)).

To determine if specific personal jurisdiction exists, a court considers whether: (1) "the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there," (2) "the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts," and (3) "the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). If the plaintiff establishes the first two prongs, then the burden shifts to the defendant to show that the exercise of personal jurisdiction over it would not be fair or reasonable. *Monkton Ins. Servs., Ltd., v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014). "The 'minimum contacts' inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it "reasonably anticipates being haled into court." *McFadin*, 587 F.3d at 759 (citation omitted). The defendant "must not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of

5

another party or third person.'" *Id*. Where there are "multiple claims that arise out of different forum contacts [the party asserting jurisdiction] must establish specific jurisdiction for each claim." *Seiferth*, 472 F.3d at 274.

### 2. Analysis

RXDC asserts the Court has specific personal jurisdiction over Pharma with respect to both RXDC's breach of contract claim and fraudulent inducement claim. For the breach of contract claim, RXDC relies on the following: (1) the parties' mediation occurred, and the MOS was executed, in Texas; (2) the MOS provided that Texas law, specifically sections 154.053 and 154.073 of the Texas ADR Act, applied; and (3) the MOS contemplated ongoing obligations requiring Pharma to make payments and transfers to RXDC, a Texas company. For the fraudulent inducement claim, RXDC relies on the misrepresentations of material fact and partial disclosures it alleges Pharma made to RXDC and its counsel during the Dallas mediation.

#### a. *Breach of Contract Claim*

Merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986). Nor is the physical location where the contract was negotiated or executed dispositive. *See Religious Tech. Ctr.*, 339 F.3d at 375; *Nabulsi v. Nahyan*, No. H-06-2683, 2009 WL 1658017, at *14 (S.D. Tex. June 12, 2009) (finding jurisdiction over defendant who recruited Texas resident was not proper, even though agreement occurred in Texas, when intent was for plaintiff to work in the U.A.E., plaintiff and his family moved to the U.A.E., the alleged breaches occurred in the U.A.E., and none of the projects for which plaintiffs seek compensation were performed in Texas), *aff'd sub nom. Nabulsi v. Bin Zayed Al Nahyan*, 383 F. App'x 380 (5th Cir. 2010) (per curiam). "[T]hose acts which relate to the formation of the contract and the subsequent breach are relevant,"

6

including "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Trois v. Apple Tree Auction Ctr., Inc.*, 882 F.3d 485, 489 (5th Cir. 2018) (internal quotation marks and citations omitted).

RXDC's claim arises out of the MOS, which served to settle litigation in a Colorado court. After one attempt to settle the case in Colorado, they attended mediation in Texas. The MOS does not provide for performance of its terms in Texas. Although it includes payment and transfer obligations from Pharma to RXDC, a Texas company, such obligations, even as part of a contractual relationship, are not sufficient to support the exercise of specific personal jurisdiction. *See, e.g., Holt,* 801 F.2d at 778 (combination of mailing payments to the forum state, engaging in communications related to the execution and performance of a contract, and the existence of a contract between the nonresident defendant and a resident of the forum is insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant); *Hydrokinetics, Inc. v. Alaska Mech., Inc.,* 700 F.2d 1026, 1029 (5th Cir. 1983). Nor does RXDC allege that Pharma breached the terms of the MOS in Texas.

A contract's choice-of-law provision can be relevant in determining whether there is personal jurisdiction. *See Holt,* 801 F.2d at 778 (citing *Hydrokinetics*, 700 F.2d at 1029, and *Burger King*, 471 U.S. at 481–82). The MOS appears to be drafted on a mediator-supplied form, which includes the language providing that two sections of the Texas ADR Act apply with respect to maintaining confidentiality in connection with the dispute resolution process. However, the parties specifically marked through the form's provision making Rule 11 of the Texas Rules of Civil Procedure applicable to their agreement and instead wrote in that the Colorado Rules of Civil Procedure applied. And, thereafter, the parties stipulated in Court that Colorado law applied to the

MOS. Under these circumstances, the Court finds the MOS's choice-of-law provisions do not show Pharma had reason to anticipate being haled into a Texas court.

To be sure, Pharma traveled to Texas in an effort to resolve the Colorado lawsuit, participated in negotiations, and entered into the MOS. However, having considered the relevant factors, the Court finds Pharma's presence in Texas was a function of RXDC being a Texas resident. By entering into the MOS, Pharma did not purposefully "reach out" into Texas and enter in a contractual relationship that "envisioned continuing and wide-reaching contacts" in the state such that it formed minimum contacts sufficient to support the Court's exercise of specific personal jurisdiction for RXDC's breach of contract claim. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) (quoting *Burger King*, 471 U.S. at 479-80). Accordingly, the Court finds RXDC has failed to make a *prima facie* showing of specific personal jurisdiction over Pharma for its breach of contract claim. The Court, therefore, must dismiss the breach of contract claim for lack of personal jurisdiction.

### b. Fraudulent Inducement Claim

The minimum-contacts test for a fraud claim differs from a breach of contract claim. "A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Trois*, 882 F.3d at 490 (quoting *Walden*, 571 U.S. at 285). "When a nonresident defendant commits a tort within the state, … that tortious conduct amounts to sufficient minimum contacts with the state," permitting the exercise specific personal jurisdiction. *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 628 (5th Cir. 1999). And, "[a] single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." *Lewis v. Fresne*, 252 F.3d 352, 358–59 (5th Cir. 2001).

Here RXDC alleges intentional conduct on the part of Pharma in Texas gives rise to the fraudulent inducement claim. Specifically, RXDC alleges that it entered into the MOS as a result of material misrepresentations and partial disclosures by Pharma during the Dallas mediation (Doc. 23, pp. 14-17). These allegations suffice for the Court to exercise specific personal jurisdiction over Pharma as to the fraudulent inducement claim. See *Trois*, 882 F.3d at 489–90; *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).

Because RXDC has made its prima facie case that Pharma has "minimum contacts" with Texas vis-à-vis the fraudulent inducement claim, the burden shifts to Pharma to show that the exercise of jurisdiction would be unfair or unreasonable. *Monkton Ins. Servs.*, 768 F.3d at 433. The Court must balance "the burden on the defendant having to litigate in the forum; the forum state's interests in the lawsuit; the plaintiff's interests in convenient and effective relief; the judicial system's interest in efficient resolution of controversies; and the state's shared interest in furthering fundamental social policies." *Wien Air Alaska*, 195 F.3d at 215 (citing *Ruston Gas Turbines, Inc. v. Donaldson Company, Inc.,* 9 F.3d 415, 421 (5th Cir. 1993)). It is "rare to say the assertion [of jurisdiction] is unfair after minimum contacts have been shown," and the defendant "must make a 'compelling case' against it" to satisfy this test. *Wien Air*, 195 F.3d at 215 (internal quotation marks and citations omitted).

Pharma, which has no office in Texas and presently conducts no business in Texas, asserts that conducting litigation in Texas will create a significant financial and resource burden. Pharma also contends that RXDC, having initiated the original lawsuit in Colorado and stipulated to the Colorado state court's continuing jurisdiction to enforce/interpret the MOS, has no particularized interest in having this Court resolve this matter. Pharma further asserts there is no underlying

social policy implicated in this private dispute and Texas has no interest in adjudicating this dispute, which arises from the settlement of a case litigated in Colorado.

The Court finds that Pharma fails to establish that the exercise of jurisdiction would offend "traditional notions of fair play and substantial justice." Pharma will be burdened by the expense and inconvenience of litigating this matter in Texas. However, Texas has "a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *Burger King*, 471 U.S. at 473; *Wien Air*, 195 F.3d at 215 (defendants' inconvenience in litigating in forum is outweighed by forum state's interest where the dispute involves a defrauded corporation whose principal place of business is in the forum state). RXDC, whose corporate office is in Dallas, also clearly has an interest in litigating its claim here. This is not one of those "rare" cases where the exercise of personal jurisdiction would be unfair despite the defendant's purposeful contacts with the forum. *Wien Air*, 195 F.3d at 215. Accordingly, the Court finds that it may exercise personal jurisdiction over Pharma on the fraudulent inducement claim.

## SUBJECT MATTER JURISDICTION

1. **Legal Standard**

A district court properly dismisses a claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1) if the court "lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or

(3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citation omitted).

### 2. Analysis

Pharma urges the Court to dismiss the fraudulent inducement claim against it because the Colorado court specifically retained jurisdiction to enforce the terms of the MOS and, thus, resolve the claims asserted in this case as well. Although the Colorado state court entered the MOS as an order and has retained jurisdiction to enforce/interpret the MOS, it also has determined that jurisdiction does not extend to a separate claim for fraudulent inducement. This is not a case in which the state court retained jurisdiction over any "future disputes that might arise regarding the settlement agreement." *Compare, e.g., Ultimate Creations, Inc. v. McMahon*, 300 F. App'x 528, 529 (9th Cir. 2008). Because the Colorado state court did not retain exclusive jurisdiction over RXDC's fraudulent inducement claim, the Court finds it has subject matter jurisdiction.

### RULE 12(B)(6) MOTION TO DISMISS FRAUDULENT INDUCEMENT CLAIM

Pharma, alternatively, seeks dismissal of the fraudulent inducement claim under Federal Rule of Civil Procedure 12(b)(6). It contends the claim must be dismissed because (1) it is based solely upon statements allegedly made or not made by Pharma at mediation and, under the MOS and the Texas ADR statute, all communications made in the course of a mediation are confidential and may not be used in court as the basis of a fraud claim; (2) the complaint fails to allege reasonable reliance because the plain meaning of the MOS's language conflicts with the alleged misrepresentations; and (3) the complaint fails to allege any facts to support its allegations of a "partial disclosure" that created a "false impression."

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Having carefully reviewed the Second Amended Complaint, the motion to dismiss, the parties' briefing, and applicable law, the Court finds RXDC has pleaded facts that establish a plausibility of entitlement to relief on its cause of action for fraudulent inducement against Pharma. The arguments raised by Pharma are better suited to resolution on a motion for summary judgment than a motion to dismiss. Accordingly, the Rule 12(b)(6) motion to dismiss RXDC's claim for fraudulent inducement must be denied.

## Conclusion

Based on the foregoing, it is **ORDERED** that Pharma's Motion to Dismiss Second Amended Complaint or, in the Alternative, to Dismiss Plaintiff's Count Two (Doc. 36) is GRANTED in part and DENIED in part. RXDC's breach of contract claim against Pharma is **DISMISSED** for lack of personal jurisdiction. In all other respect, Pharma's motion to dismiss is DENIED.

SO **ORDERED**; signed July 7, 2021.

                                                  ADA BROWN
                                                  UNITED STATES DISTRICT JUDGE